## Randall Cassem v. Eliza J. Williams.

1. VARIANCE—*Between Declaration and Proof.*—There is a decided variance between a count of a declaration which relies entirely upon an exchange of property between the parties to the suit and proof which shows that defendant was to give something in addition to the property and that he received for such consideration other property in addition to the premises of plaintiff.

**Trespass on the Case,** for fraud and deceit. Appeal from the Circuit Court of Kane County; the Hon. HENRY B. WILLIS, Judge presiding. Heard in this court at the April term, 1902. Reversed and remanded. Opinion filed October 14, 1902.

ALBERT J. HOPKINS, FRED A. DOLPH and ROBERT BRUCE SCOTT, attorneys for appellant.

S. A. FRENCH and D. B. SHERWOOD, attorneys for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This was a suit brought by appellee to recover damages for fraud and deceit alleged to have been practiced upon her by appellant, in connection with the sale and exchange of certain real estate. The declaration contained three counts but appellee elected to proceed upon the first and second. No attempt was made to prove the first count of the declaration, and as to that count the court instructed the jury to find the defendant not guilty. The verdict for appellee therefore rested upon the second count, which charged that appellee was the owner of certain premises in Chicago known as No. 7326 Yale avenue, worth $2,500 over all incumbrances; that appellant, intending to cheat and defraud her, by false and fraudulent representations and devices, induced her to execute and deliver to him a deed of conveyance of said premises in exchange for five certain lots in Hammond Transfer Subdivision in Lake county, Indiana; that appellant falsely and fraudulently represented to appellee that said Indiana lots were of the value of $2,000 and were located within two blocks of the railroad station in the city of Hammond; that said lots

were in fact of very little, if any, value, and were located about eight miles from the city of Hammond and the railroad station therein; that she relied upon the fraudulent representations of appellant in making said deed of conveyance and delivered to him possession of said property owned by her; that by reason thereof she was defrauded, and suffered great damage and loss. The general issue was filed. There was a verdict and judgment in favor of appellee for $982.

Appellee claimed and testified on the trial that she sold her equity in her premises to appellant for $2,300; that she was induced by appellant's representations of their value to take the Hammond Transfer lots at $1,000 and he was to pay her in money $1,300; that he conveyed her the Hammond Transfer lots, paid her $300 in cash and still owes her $1,000; that her premises were worth $6,000, but there was a mortgage upon them of $3,000, upon which there was some interest due, and there were some unpaid taxes.

It appeared that the $1,000 which appellee claims is still to be paid was never demanded by her of appellant, although she testified that at one time appellant came to her house with the money to pay her; but upon a suggestion by him that he had a transaction on hand and would like to use the money, she told him she did not need it and permitted him to keep it.

Appellant, on the contrary, claimed on the trial, that he was to pay only $1,200 for the equity, $1,000 by the Hammond Transfer lots and $200 in cash; that appellee insisted that she needed some more money, and her husband, John Q. Williams, agreed to convey to appellant an interest which he had in an estate of a relative, for $100, to which appellant agreed; that the cash payment to be made was thereupon raised to $300 and the interest of Mr. Williams in said estate was also conveyed to appellant.

Appellant is corroborated in his statement of the amount to be paid by him, by a receipt appellee gave him for $25, paid at the time the trade was consummated, which, after

acknowledging the receipt of the $25 to be credited on the transaction, states there is the sum of $275 yet due and unpaid. Appellee's explanation of this receipt was that she did not state in it the true amount due because " Mr. Cassem did not want anything said about the $1,000, except between ourselves."

We are of opinion there is a decided variance between the second count of the declaration above referred to and the proofs. The count in question relies entirely upon an exchange of property between the parties to the suit. Whereas the proof shows that appellant was to give something in addition to the property and that he received for such consideration other property in addition to the premises of appellee. The count states that the Hammond Transfer property was traded to her at a valuation of $2,000, when appellee's testimony is that such premises were only to be taken by her at a valuation of $1,000, and that she was to have $1,300 in money.

We are also of opinion that the clear preponderance of the evidence sustained appellant's version of the transaction, and that appellee failed to make out her case. She alone testified to the facts claimed by her as constituting the trade, while appellant's position was sustained, not only by his own testimony, but by the receipt above referred to, given by appellee, and to some extent by the testimony of the witness J. S. Wolf, at whose office the terms of the trade were agreed upon. The fact that the interest of Mr. Williams in the estate above referred to was also included in the trade, is shown by both the deed made by appellee and her husband, and by a separate instrument in writing executed by the latter. As to the value of the Hammond Transfer lots, the decided preponderance of the evidence was that they were worth all that appellant claimed.

It also appeared from a preponderance of the evidence that the sum of $1,200 which appellant says he was to pay appellee for her equity in the Yale avenue premises, would fully cover the value of the same.

The judgment of the court below will therefore be reversed and the cause remanded.